**YI CAN LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.**

**Docket No. 03–4358.**

United States Court of Appeals, Second Circuit.

July 20, 2005.

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

**330**

On submission (Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, NY), for Petitioner.

On submission (Dunn Lampton, United States Attorney, Southern District of Mississippi, David H. Fulcher, Assistant United States Attorney, Jackson, MS), for Respondent.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and GLEESON,* District Judge.

### SUMMARY ORDER

Yi Can Lin, a citizen of the People's Republic of China, petitions for review of a January 31, 2003 order of the Board of Immigration Appeals ("BIA"), summarily affirming an Immigration Judge's ("IJ") denial of Lin's application for asylum and withholding of removal. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. INS,* 386 F.3d 66, 73 (2d

Cir.2004) (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)). Where, as in this case, the BIA summarily affirms the IJ's decision and adopts the IJ's reasoning, we review the decision of the IJ directly. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). The IJ deemed Lin incredible and, based on that ruling, concluded that Lin was ineligible for asylum and withholding of removal. That ruling was supported by substantial evidence.

For the reasons set forth above, the petition is hereby **DENIED**. The outstanding motion for stay of removal is hereby **DENIED** as moot.